# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| SOLAR ECLIPSE INVESTMENT FUND XXXV, LLC AND EAST WEST BANK,<br><br>Plaintiffs,<br><br>vs.<br><br>$5,000,000.00 U.S. DOLLARS DEPOSITED TO IOLTA ACCOUNT OF THE STRAUSS LAW FIRM, LLC *IN REM,* AND THE STRAUSS LAW FIRM, LLC, *IN PERSONAM*,<br><br>Defendants. | Civil Action No. 9:19-cv-1176-RMG<br><br><br><br>**COMPLAINT**<br>Non-Jury |

COMES NOW the Plaintiffs in this action, Solar Eclipse Investment Fund, XXXV, LLC ("Fund XXXV") and East West Bank ("EWB"), complaining of the Defendants herein, and would show unto this Honorable Court as follows:

## PARTIES, JURISDICTION AND VENUE

1. Fund XXXV is and was, at all relevant times, a California limited liability company.

2. EWB is a California state-chartered banking corporation, headquartered in Southern California, with additional locations in Georgia, Massachusetts, Nevada, New York, Texas and Washington, as well as a branch in Hong Kong.

3. The *In Rem* Defendant, $5,000,000.00, deposited to the IOLTA Account of The Strauss Law Firm ("Dollars") is, upon information and belief, comprised of monies originated from EWB, and on deposit in a bank account in the name of Fund XXXV. The

Dollars were wired by Fund XXXV and deposited into the Interest on Lawyer Trust Accounts ("IOLTA") account of Defendant, The Strauss Law Firm, LLC, addressed below.

4. The Strauss Law Firm, LLC ("Strauss"), is, upon information and belief, a limited liability company organized and existing pursuant to the laws of the State of South Carolina, with its principal place of business in Hilton Head Island, South Carolina, and is authorized to do business in the State of South Carolina, County of Beaufort, and is established for the purpose of the practice of law by its principal, Peter J. Strauss.

5. Upon information and belief, Strauss maintains its IOLTA account at South State Bank, a South Carolina banking corporation with its principal place of business in Columbia, South Carolina. It is the Strauss IOLTA account, maintained with South State Bank, into which the Dollars were wired and deposited.

6. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship among the parties, and the matter in controversy, exclusive of interest, attorneys' fees and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00). The Court also has jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. 2201, *et seq.*, because there is an existing controversy regarding the rights of Fund XXXV and Strauss, as to the control and ownership rights of the Dollars heretofore described. This Court likewise has personal jurisdiction over the parties.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391 as the substantial parts of the events or omissions giving rise to this action occurred in this District.

## **BACKGROUND AND ALLEGATIONS**

8. Fund XXXV was formed on or about November 14, 2018, as a special purpose company for the purpose of owning, operating, leasing and maintaining three hundred and twenty-five (325) mobile solar generators ("MSG"), which were to qualify for energy credits. The Limited Liability Agreement of Fund XXXV ("Agreement") was entered into on or about November 29, 2018.

9. Pursuant to and as further set forth in the Agreement, the MSGs referenced in the Agreement and hereinabove, were supposed to be purchased by Fund XXXV from DC Solar Solutions, Inc. ("DC Solar"), a California corporation; however, Fund XXXV now believes the referenced MSGs never existed; they were never built by DC Solar and never purchased by Fund XXXV.

10. Pursuant to the Agreement, EWB is the Investor Member of Fund XXXV and Halo Management Services, LLC ("Halo"), a Nevada limited liability company ("Halo") was the Managing Member of the Fund.

11. As of April 5, 2019, Halo was replaced as the Managing Member of Fund XXXV, and Curtis C. Jung, Esquire, being duly appointed, pursuant to the terms of the Agreement, now serves as the non-member Manager of Fund XXXV.

12. In accordance with the terms and conditions of the Agreement, EWB made certain wire transfers and deposits into Fund XXXV, the first of which being on November 29, 2018, in the amount of $3,301.155.00.

13. EWB's next contribution into Fund XXXV, in accordance with the terms and conditions of the Agreement, and further pursuant to the Second Installment Contribution Notice issued by Halo totaled approximately $13,000,000 and was made on or about

December 17, 2019. Both such transfers and deposits represented EWB's good faith compliance with its obligations as the Investor Member of Fund XXXV.

14. The wire transfers and deposits into the account of Fund XXXV were made by and on behalf of EWB with the express and implied agreement and understanding that Fund XXXV represented a legitimate investment, and that said funds would be properly managed and invested by Halo, all in accordance with the Agreement. Specifically, EWB believed and understood its contributions would be used by Fund XXXV to purchase MSGs.

15. Fund XXXV and EWB are informed and believe that Halo, as Managing Member of Fund XXXV, and/or those acting on its behalf, engaged in intentional misconduct, gross negligence, malfeasance, fraud, *ultra vires* acts, breach of fiduciary duty, and the failure to exercise reasonable care in the discharge of its obligations as the Managing Member of Fund XXXV, and as part thereof fraudulently induced EWB to deposit the Dollars to Fund XXXV as a good faith contribution to Fund XXXV, as its Investor Member.

16. Fund XXXV and EWB are informed and believe that the MSGs which Fund XXXV, with EWB as its Investor Member was to own, operate, lease and maintain, were non-existent at the time of the Agreement, or any time thereafter, and unbeknownst to EWB as the Investor Member of Fund XXXV no MSGs existed. The representations as to the MSGs and any related tax credits were grossly inaccurate, intentional and wrongful representations.

17. Fund XXXV and EWB are informed and believe that beginning on or about December 13, 2018, and continuing in the days thereafter, multiple federal search

warrants and seizure warrants were issued pursuant to the federal government's investigation of investment tax fraud, wire fraud and conspiracy all of which was or may have been related to DC Solar, Halo and others.

18.   Fund XXXV and EWB are further informed and believe that on December 18, 2018, law enforcement executed various search and seizure warrants at one or more business locations of, or affiliated with, DC Solar, and at the home of one of the principles of DC Solar.

19.   Fund XXXV and EWB are also informed and believe that on December 19, 2018, one day after the execution of various federal search and seizure warrants, Halo or certain individual(s), acting for Halo, improperly, transferred $5,000,000 (the "Dollars") directly from Fund XXXV to the IOLTA account of Strauss; said monies being those that had been contributed to Fund XXXV by EWB. The transfer of the Dollars to the IOLTA account of Strauss was without proper or legitimate cause, without notice to EWB, and without authority, and in contravention of Halo's duties, the Agreement, and the interests of Fund XXXV and EWB as its Investor Member.

20.   The Dollars originated from EWB, and due to the wrongdoing of Halo and the failure of Halo to properly exercise its duties as the Managing Member of Fund XXXV and to otherwise exercise its fiduciary duties, said Dollars were received and held by Fund XXXV in constructive trust for the benefit of EWB.  The Dollars, upon transfer to the Strauss IOLTA account, and upon any subsequent transfers by Strauss remain subject to such constructive trust.

21.   Fund XXXV and EWB are informed and believe that Strauss currently has control over its IOLTA account and the Dollars deposited therein, or such amounts as

remain in said account; that any amounts disbursed therefrom were disbursed by Strauss without proper purpose or authorization and are held subject to EWB's beneficial ownership of and right to the Dollars.

22. Both Fund XXXV, through its newly appointed Manager, and EWB have requested of Halo, Halo's managing member and Strauss, prior to this action, an accounting of the Dollars, which accounting would include, without limitation, information establishing whether any of the Dollars have been paid out of the Strauss IOLTA and if so, to whom, the amount, and at whose authority. Strauss, Halo and Halo's managing member have each has failed and refused to provide such an accounting.

## FOR A FIRST CAUSE OF ACTION
## *IN REM* JURISDICTION OF $5,000,000.00 US DOLLARS DEPOSITED TO IOLTA ACCOUNT OF THE STRAUSS LAW FIRM, LLC

23. Fund XXXV and EWB reallege and reaver the foregoing as fully as if restated verbatim.

24. The Dollars were paid over to Fund XXXV on or about December 17, 2018, for the purpose of contribution of capital in and to Fund XXXV, by EWB, as its Investor Member, following which Halo, as the Managing Member, caused said $5,000,000.00 of EWB's monies, to be wrongfully or fraudulently wired and deposited, without proper or legitimate cause, without notice to EWB, and without authority, into the IOLTA account of Strauss, all in contravention of the Agreement and otherwise in violation of its duties.

25. Fund XXXV and EWB are informed and believe this Court has *in rem* jurisdiction of and over the Dollars, in total, or any part thereof that remains in the Strauss IOLTA account, pursuant to which this Court may and should issue its Order securing said Dollars, or any monies that remain therefrom, finding exclusive legal and beneficial

interest in the Dollars vests in EWB of and against all others, and further ordering that the Dollars or what remains thereof, be immediately paid over to EWB, the beneficial owner of the funds.

## FOR A SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT AS TO THE STRAUSS LAW FIRM, LLC

26.     Fund XXXV and EWB reallege and reaver the foregoing as fully as if restated verbatim.

27.     Fund XXXV and EWB are informed and believe they are entitled to an Order of this Court finding and holding that the Dollars were wrongfully and fraudulently wired and deposited into the IOLTA of Strauss, without proper or legitimate cause, and without proper authority, and directing the Dollars should be immediately returned to EWB or to Fund XXXV to hold for the benefit of EWB, or retained in the IOLTA account until further Order of the Court.

28.     Fund XXXV and EWB are informed and believe that they are entitled to an Order of this Court finding there is not, nor was there, at any relevant time, any proper relationship between Fund XXXV and Strauss or Strauss and any other, legitimate entity, for any legitimate purpose and due to the lack of such relationship and further due to the wrongful acts of Halo and/or those acting on its behalf, in wiring the Dollars to Strauss, neither Strauss nor any subsequent transferees of any of the Dollars, has any legitimate interest in or to the Dollars, and any Dollars disbursed, if any there have been, were wrongfully disbursed, without authority.

29.     Fund XXXV and EWB are informed and believe that they are entitled to an Order of this Court further finding and holding that the Dollars wrongfully wired and deposited into the IOLTA account of Strauss, or any funds thereof remaining, are the

exclusive property of EWB, and as such, should be immediately paid over to EWB, by Strauss, or by any subsequent transferee currently holding such funds to which any part of the Dollars has been disbursed.

### FOR A THIRD CAUSE OF ACTION
### ACCOUNTING REQUESTED FROM THE STRAUSS LAW FIRM, LLC

30. Fund XXXV and EWB reallege and reaver the foregoing as fully as if restated verbatim.

31. Fund XXXV and EWB are informed and believe that the Dollars were wrongfully wired and deposited into the IOLTA account for Strauss on or about December 19, 2018.

32. Fund XXXV and EWB are further informed and believe that they are entitled to a full accounting from Strauss of any and all monies included in the Dollars which have been further disbursed, such accounting to include the amount of any monies disbursed, to whom such monies were disbursed, the date of and manner in which any such monies were disbursed, and the authority pursuant to which Strauss made any such disbursement.

**FOR A FOURTH CAUSE OF ACTION**
**CONSTRUCTIVE TRUST AS TO THE STRAUSS LAW FIRM, LLC**

33. Fund XXXV and EWB reallege and reaver the foregoing as fully as if restated verbatim.

34. Fund XXXV and EWB are informed and believe that Strauss, or others to whom Strauss made disbursements, is exercising control over the Dollars as a result of the wrongful transfer of said Dollars to the IOLTA account of Strauss, as more fully set forth hereinabove, and that the Dollars are held in a constructive trust for the benefit of Fund XXXV and/or the benefit of EWB.

35. Fund XXXV and EWB are further informed and believe there is not nor was there at any relevant time any relationship pursuant to which the Dollars were legitimately transferred to Strauss or pursuant to which Strauss has or had authority to take possession of the Dollars, to hold the Dollars or make any disposition thereof; the transfer into Strauss, and any transfer from Strauss, being the result of bad faith, abuse of confidence, violation of fiduciary duty, as well as other wrongdoing.

36. Fund XXXV and EWB are further informed and believe that because the Dollars were wrongfully transferred from Fund XXXV to the IOLTA account of Strauss, and/or transferred further from the IOLTA account of Strauss, that said Dollars were, at all relevant times, and remain the sole and exclusive property of EWB, paid over to Fund XXXV, in good faith and held in constructive trust, and should be immediately returned to EWB.

**FOR A FIFTH CAUSE OF ACTION**
**RESCISSION**

37. Fund XXXV and EWB reallege and reaver the foregoing as fully as if restated verbatim.

38.     To the extent the Dollars were transferred to the IOLTA account of Strauss pursuant to any agreement between Fund XXXV, Halo or any other entity purporting to act on behalf of Fund XXXV, and any third party, pursuant to which the Dollars were transferred to Strauss and/or Strauss transferred any part thereof to a third party, Fund XXXV and EWB are informed and believe they are entitled to a rescission of any such agreement as it was not and could not have been properly within the duties of Fund XXXV as then managed by Halo, and not properly within the duties of Halo, as more fully described hereinabove.

39.     Fund XXXV and EWB are informed and believe they are entitled to an Order of this Court rescinding any agreement pursuant to which the Dollars were transferred to Strauss and any agreement pursuant to which the Dollars or any part thereof were transferred by Strauss to any third party, thereby entitling Fund XXXV and EWB to be returned to their status *quo ante*, by requiring the return to Fund XXXV of the Dollars transferred to Strauss., for the benefit of EWB.

<u>**FOR A SIXTH CAUSE OF ACTION**</u>
<u>**INJUNCTIVE RELIEF**</u>

40.     Fund XXXV and EWB reallege and reaver the foregoing as fully as if restated verbatim.

41.     Fund XXXV and EWB, pleading alternatively, are informed and believe that they have no adequate remedy at law and they will be irreparably injured unless Strauss is preliminarily and permanently enjoined and restrained of and from making any disposition or further disposition of the Dollars hereinabove described, at least until such time as this Court enters its Order on the foregoing causes of action.

42.     Fund XXXV and EWB move this Court for a preliminary and permanent injunction, enjoining and restraining Strauss of and from making any disposition or further disposition of the Dollars hereinabove described.

**WHEREFORE,** Fund XXXV and EWB pray that:

a)     This Court exercise it's *in rem* jurisdiction over the Dollars, immediately securing and seizing said monies and finding they are the exclusive property of EWB, or of Fund XXXV for the benefit of EWB, as against all others, and ordering that said monies, or the remainder thereof, be immediately paid over to EWB or Fund XXXV;

b)     This Court enter an Order finding EWB, or Fund XXXV for the benefit of EWB, is entitled to the sole and exclusive possession of the Dollars, as against all others, including, without limitation, The Strauss Law Firm, LLC;

c)     This Court enter an Order directing Strauss to provide an accounting of all and any part of the Dollars transferred by Strauss, and a temporary and permanent injunction preventing and prohibiting any disbursements or further disbursements of and from the Dollars;

d)     This Court enter an Order finding that Strauss holds, or held the Dollars for and in trust for EWB, and that any transfer of the Dollars to any subsequent transferee constitutes a breach of the constructive trust for the benefit of EWB, and all funds should be immediately paid over to EWB;

e)     To the extent the Dollars have been disbursed from the IOLTA account of Strauss, and Strauss has the ability to reclaim the Dollars, this Court enter an Order, requiring Strauss to immediately reclaim the Dollars from wherever or whomever they were disbursed and emit to EWB ;

f) This Court enter an Order returning Fund XXXV and EWB to their status *quo ante,* by requiring the full and immediate return of the Dollars to EWB, and/or to Fund XXXV to hold in trust for the benefit of EWB, and granting preliminary and permanent injunctive relief, enjoining and restraining Strauss from any disposition or further disposition of the Dollars; and,

f) Such other and further relief as this Honorable Court deems just, equitable and proper.

*s/Cheryl D. Shoun*
Cheryl D. Shoun   Fed. ID. 004761
R. Bruce Wallace   Fed. ID.  007018
NEXSEN PRUET, LLC
205 King Street, Suite 400
P.O. Box 486
Charleston, South Carolina  29401
Tel:  (843) 577-9440
Fax: (843) 414-8238
cshoun@nexsenpruet.com
bwallace@nexsenpruet.com

And

Val H. Stieglitz   Fed. ID. 004318
Nexsen Pruet, LLC
1230 Main Street
Suite 700
Columbia, SC  29201
Tel:  (843) 771- 8900
vstieglitz@nexsenpruet.com
Attorneys for Plaintiff

March 25, 2019
Charleston, South Carolina

12