**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Solar Eclipse Investment Fund XXXV, LLC and East West Bank,<br><br>    Plaintiffs,<br><br>v.<br><br>$5,000,000.00 U.S. Dollars Deposited to IOLTA Account of the Strauss Law Firm, LLC *in rem*, and The Strauss Law Firm, LLC, *in personam*,<br>    Defendants. | Civil Action No. 9:19-1176-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Plaintiffs' motion for a temporary restraining order. (Dkt. No. 8.) For the reasons set forth below, the motion for a temporary restraining order is granted.

## I. Background

Plaintiffs East West Bank ("EWB") and Solar Eclipse Investment Fund XXXV ("Fund XXXV") allege that EWB entered into an agreement with Halo Management Services, LLC ("Halo"), wherein EWB was the investor member and Halo the managing member of Fund XXXV, an investment vehicle created to own, operate and lease mobile solar generators from DC Solar. (Dkt. No. 1 ¶¶ 8, 10.) Pursuant to the Fund XXXV agreement, Halo was responsible for handling EWB's investments into Fund XXXV in accordance with the agreement's terms and conditions and Halo's fiduciary obligations. (*Id.* ¶¶ 14-15.) EWB invested in Fund XXXV via two deposits, including a deposit into Fund XXXV of $5,000,000 on December 17, 2018. On or about December 13 through 18, 2018, federal search and seizure warrants were executed on Halo and affiliates of DC Solar, purportedly for an investigation into money laundering and wire fraud. (*Id.* ¶¶ 17-18.) On December 19, 2018, Halo transferred $5,000,000 out of Fund XXXV into the IOLTA account

of Defendant The Strauss Law Firm, LLC ("Strauss Law Firm")[1], without notice to EWB or authority under the Fund XXXV agreement (the "funds"). (*Id.* ¶ 19, No. 8-1.) EWB with Fund XXXV, including through its newly-appointed manager, requested from Halo and Defendant Strauss Law Firm an accounting of the $5,000,000 transfer into the IOLTA account, which they have failed to provide. (*Id.* ¶¶ 11, 22, No. 9-2 at 8-12.)

On April 23, 2019, Plaintiffs initiated this lawsuit seeking (1) *in rem* jurisdiction of the $5,000,000, (2) declaratory judgment finding Strauss Law Firm unlawfully in control of the funds and ordering return to Plaintiffs, and (3) an accounting from Strauss Law Firm of its subsequent disbursements of the funds. (*Id.* ¶¶ 23-32.)

On April 24, 2019, Plaintiffs moved for the instant temporary restraining order ("TRO") and preliminary injunction against Defendant Strauss Law Firm. (Dkt. Nos. 8, 9.) On April 26, 2019, Plaintiffs served the motion for a TRO and preliminary injunction on Strauss Law Firm. (Dkt. No. 10 at 1.) On April 29, 2019, Plaintiffs moved for an expedited hearing on the motion for a preliminary injunction. (Dkt. No. 10.) On April 30, 2019, the Court granted the motion for an expedited hearing (Dkt. No. 11), noticed a hearing on the motion for a preliminary injunction for May 6, 2019 and directed Strauss Law Firm to respond in opposition by May 3, 2019 (Dkt. No. 12).

## II. Legal Standard

Rule 65 of the Federal Rules of Civil Procedure provides that the Court may issue a TRO without written or oral notice to the adverse party or its attorney "if specific facts in an affidavit or

---

[1] The Strauss Law Firm is comprised of four professionals, including at least one attorney and one Certified Public Accountant, and provides "strategic solutions to high-net-worth individuals, families and business owners" with "experience in the legal, tax, insurance, and accounting arenas." *See* http://thestrausslawfirm.com/about (last visited, Apr. 30, 2019).

a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Rule 65(b) also requires that "the movant's attorney certifies in writing any efforts made to give notice and the reasons why [notice] should not be required." Fed. R. Civ. P. 65(b)(1)(B).

The Court may issue a TRO upon the movant's showing of the four factors also required to warrant a preliminary injunction: (1) the movant's likelihood of success on the merits, (2) whether the movant will face irreparable harm in the absence of preliminary relief, (3) whether the balance of equities favors preliminary relief, and (4) whether injunctive relief is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Moore v. Kempthorne*, 464 F. Supp. 2d 519, 525 (E.D. Va.2006) ("The standard for granting either a TRO or a preliminary injunction is the same.").

### III. Discussion

#### A. Notice to Strauss Law Firm, Pursuant to Rule 65(b)

Rules 65(b)(1) governs under what circumstances the Court may issue a TRO "without written or oral notice to the adverse party or its attorney," and Rule 65(b)(2) mandates the contents and expiration of a TRO issued without such notice. Plaintiffs' motion for a TRO was not filed *ex parte* and Plaintiffs' counsel certifies that she notified Strauss Law Firm of the motion by personal service on Friday, April 26, 2019. (Dkt. No. 10 at 1, No. 13.)

#### B. Satisfaction of the *Winter* Standard

The Court finds that Plaintiffs have sufficiently demonstrated each of the four *Winter* factors to warrant issuance of the TRO sought.

First, Plaintiffs are likely to succeed on the merits of their claims where they allege that the day after Halo became the target of a federal raid related to a money laundering investigation, Halo

transferred to Strauss Law Firm, without Plaintiffs' consent or notification, EWB's $5,000,000 investment in Fund XXXV intended for the purchase of solar generators from DC Solar. As affirmed by Kyra Lucchesi, a Senior Vice President and Corporate Finance Manager of EWB, "EWB did not consent to or approve the transfer of its investment funds to the Strauss IOLTA account" and "would have taken measures to prevent the transfer." (Dkt. No. 9-2 at 3.) The Court also finds that Plaintiffs have demonstrated that they face irreparable harm absent issuance of a TRO. Here, what indeed has proven to be—by virtue of a simple lump unexpected wire transfer (Dkt. No. 8-1 at 2)—an extremely fungible deposit, has been under Strauss Law Firm's control since December 2018 and Defendant has failed to respond to Plaintiffs' requests for assurance of non-disbursement or for an accounting.[2] Third, the equities weight in favor of imposing temporary relief in these circumstances, where Plaintiffs allege that their management partner improperly transferred EWB's $5,000,000 investment for purchasing and leasing solar generators with DC Solar instead to an otherwise unknown local law firm, on the day after the federal Government sought to execute warrants on Halo for its alleged wire fraud activities. Last, Plaintiffs have demonstrated that issuance of a TRO is in the public interest where, as here, Plaintiffs' funds intended for a specific business transaction were instead transferred to an unknown third-party without approval or notice and in the wake of a federal investigation into fraud.

---

[2] Plaintiffs brought suit and moved for injunctive relief approximately four months after Halo allegedly unlawfully transferred the funds to Defendant Strauss Law Firm. The Court finds this time lapse does not constitute a delay that might signal an ameliorated risk of irreparable harm absent issuance of immediate relief. Rather, Plaintiffs dedicated the interim to installing a replacement partner and contacting Strauss Law Firm in writing on March 22, 2019 and March 26, 2019 to request assurance and accounting of the funds. (Dkt. No. 9-2 at 8-12.)

C.  **Imposition of a Security Requirement, Pursuant to Rule 65(c)**

Rule 65(c) mandates that the Court "may issue a . . . temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Plaintiffs request that the Court "set the bond amount as it sees fit or waive the security requirement altogether." (Dkt. No. 9-1 at 6.) Imposition of the Rule 65(c) security requirement "is mandatory and unambiguous" and the district court "is not free to disregard the bond requirement altogether." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 (4th Cir. 1999). Nonetheless, the court retains "discretion to set the bond amount in such sum as the court deems proper." *Id.* Moreover, the Court has "discretion to set a bond amount of zero where the . . . restrained party faces no likelihood of material harm." *Md. Dept. of Human Res. v. U.S. Dept. of Agric.*, 976 F.2d 1462, 1483 n.23 (4th Cir. 1992); *see also Int'l Controls Corp. v. Vesco*, 490 F.2d 1334 (2d Cir. 1974) (approving district court's fixing bond amount at zero in the absence of evidence regarding likelihood of harm).

Here, Plaintiffs allege that Halo unlawfully transferred the $5,000,000 to Strauss Law Firm despite the funds constituting EWB's investment into Fund XXXV. Because the funds allegedly "are not and were never monies rightfully belonging" to Strauss Law Firm (Dkt. No. 9 at 2), it bears no risk of sustaining "costs or damages" associated with preserving the status quo of the funds. *See Hoechst Diafoil Co.*, 174 F.3d at n.3 ("In fixing the amount of an injunctive bond, the district court should be guided by the purpose underlying Rule 65(c), which is to provide a mechanism for reimbursing an enjoined party for harm it suffers as a result of an improvidently issued injunction or restraining order.").

The Court sets Plaintiffs' Rule 65(c) bond in the amount of $0.00.

## D. Contents and Scope of the TRO, Pursuant to Rule 65(d)

Rule 65(d) mandates the contents and scope of every restraining order. Accordingly, the Court makes the following specific findings and orders:

The reason for issuance of this TRO is, the Court having found that Plaintiffs satisfied the *Winter* standard, to maintain the status quo of fungible assets, specifically $5,000,000 alleged to have been unlawfully transferred on December 19, 2018 into an IOLTA account under Strass Law Firm's control, pending further order from the Court and including on Plaintiffs' motion for a preliminary injunction. Fed. R. Civ. P. 65(d)(1)(A).

The specific terms of this TRO are as follows: Defendant Strauss Law Firm is **HEREBY RESTRAINED** until further order from this Court from (1) effectuating any transfers, disbursements, or other disposition of the $5,000,000 funds transferred to its IOLTA account on or about December 19, 2018 and from (2) destroying documentary or other information in its possession and control that may be reasonably required to create an accounting of the funds from their transfer on or about December 19, 2018. The Court will conduct a hearing on Plaintiffs' motion for a preliminary injunction on May 6, 2019. Fed. R. Civ. P. 65(d)(1)(B), (C).

The person bound by this TRO is Strauss Law Firm, including and its employees, officers, representatives and agents, as well as any other person exercising control over the IOLTA account in question (DDA Account Number, Beneficiary Identification Number 1440014817)[3], such as but not limited to the employees, officers, representatives and agents of Hamilton Captive Management, LLC or any other person in active concert or participation with Strauss Law Firm or its employees, officers, representative and agents. Fed. R. Civ. P. 65(d)(2).

---

[3] *See* Dkt. No. 8-1 at 2.

## IV. Conclusion

Plaintiffs' motion for a temporary restraining order (Dkt. No. 8) is **GRANTED**. Plaintiffs are **DIRECTED** to effectuate actual service of this temporary restraining order on The Strauss Law Firm, LLC, pursuant to Rule 65(d)(2).[4]

**AND IT IS SO ORDERED.**

                                        Richard Mark Gergel
                                        United States District Court Judge

April __, 2019
Charleston, South Carolina

---

[4] No attorney has noticed an appearance on behalf of Strauss Law Firm, nor may Strauss Law Firm proceed *pro se* as a Limited Liability Corporation. *See, e.g.*, *Microsoft Corp. v. Comp. Serv. & Repair, Inc.*, 312 F. Supp. 2d 778, 780 (E.D.N.C. 2004) (noting that "the law is well established that a corporation cannot appear *pro se*").